FUJIOKA-LILLEY LAW CORPORATION
TERRI L. FUJIOKA-LILLEY 9590
75-127 Lunapule Road, Ste. 8B
Kailua-Kona, Hawaiʻi 96740
email: terri@fujioka-lilley.com
Tel. (808) 345-7662
Fax. (808) 464-6134

BAKER & MCKENZIE, LLP
MICHAEL A. DUFFY  6272163 (IL, admitted *pro hac vice*)
LAURA A. KELLY  6320905 (IL, admitted *pro hac vice*)
300 E. Randolph Street, Ste. 5000
Chicago, Illinois 60601
email: Michael.Duffy@bakermckenzie.com
email: Laura.Kelly@bakermckenzie.com
Tel.: (312) 861-8835
Fax: (312) 698-2681

Attorneys for Defendant,
FareHarbor Holdings, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RSMCFH, LLC, a Hawaiʻi limited liability company,<br><br>  Plaintiff,<br><br>vs.<br><br>FAREHARBOR HOLDINGS, INC., a Delaware corporation,<br><br>  Defendant. | No: 1:18-cv-00348-LEK-WRP<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF FAREHARBOR HOLDINGS INC.'S MOTION TO DISMISS RSMCFH, LLC'S FRAUD CLAIMS PURSUANT TO RULE 12(B)(6)**<br><br>**Judge:** Hon. Leslie E. Kobayashi<br>**Magistrate Judge:** Hon. Wes R. Porter<br>**Trial:** March 23, 2020 at 9:00 AM<br>**Hearing:** Not Set |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Berezovsky v. Moniz*,
 869 F.3d 923 (9th Cir. 2017) .................................................................................................. 4, 5

*Freightliner Corp. v. Myrick*,
 514 U.S. 280 (1995) ..................................................................................................................... 2

*Gardner v. Major Auto. Cos.*,
 No. 11-CV-1664 (FB), 2012 U.S. Dist. LEXIS 51821 (E.D.N.Y. Apr. 12, 2012)................. 2

*Horowitz v. Stewart Title Guar. Co.*,
 No. 16-00666 LEK-KJM, 2018 U.S. Dist. LEXIS 218101 (Dist. Haw. May 3, 2018)......... 2

*In re Immune Response Sec. Litig.*,
 375 F. Supp. 2d 983 (C.D. Cal. 2005) ....................................................................................... 2

*Int'l Ass'n of Machinists & Aero. Workers v. Wis. Employment Relations Comm'n*,
 427 U.S. 132 (1976) .................................................................................................................... 3

*McDaniel v. Wells Fargo Invs., Ltd. Liab. Co.*,
 717 F.3d 668 (9th Cir. 2013) .................................................................................................. 4, 5

*Medhekar v. United States Dist. Court for the N. Dist. of California*,
 99 F.3d 325 (9th Cir. 1996) ........................................................................................................ 2

*Or. Pub. Emples. Ret. Fund v. Apollo Grp. Inc.*,
 774 F.3d 598 (9th Cir. 2014) ...................................................................................................... 2

*Solow v. Citigroup*,
 827 F. Supp. 2d 280 (S.D.N.Y 2011) ......................................................................................... 2

*Tohono O'odham Nation v. City of Glendale*,
 804 F.3d 1292 (9th Cir. 2015) ................................................................................................. 3, 5

*In re Tyco Int'l, Ltd. Secs. Litig.*,
 No. 00MD1335, 2000 U.S. Dist. LEXIS 11659 (D.N.H. July 27, 2000) ............................... 3

**Statutes**

15 U.S.C. § 78bb ................................................................................................................................ 1

15 U.S.C. § 78u-4 .............................................................................................................................. 3

Private Securities Litigation Reform Act, Pub. L. 104-67, 109 Stat. 737 ..................... 1, 2, 3, 4, 5

Securities Litigation Uniform Standards Act, Pub L. 105-353, 112 Stat. 3227 ......................... 1

**Other Authorities**

Fed. R. Civ. P. 9(b) .................................................................................................................. 1, 2

Fed. R. Civ. P. 11 ..................................................................................................................... 3, 5

SEC Rule 10b-5, 17 CFR § 240.10b-5...................................................................................... 2, 5

On June 14, 2019, faced with this Court's preliminary inclination to dismiss its federal and state law securities claims, plaintiff argued that, even if it had failed to state a cognizable cause of action under the applicable federal and state securities laws, its common law fraud claim, covering the exact same conduct, *i.e.*, alleged misrepresentations in connection with the purchase of covered securities, should nevertheless be allowed to proceed because "scienter can be alleged generally." (Transcript of June 14, 2019 Hearing, Exhibit A to L. Kelly Decl., at 16:3-15.) In response, FareHarbor noted that the applicable securities laws preempt plaintiff's common law fraud claim. (*Id.* at 19:14-23.)

That representation was made on the basis that the Securities Litigation Uniform Standards Act ("SLUSA") expressly preempts state common law fraud "in connection with the purchase or sale of a covered security." *See* 15 U.S.C. § 78bb(f)(5)(B)(ii). FareHarbor acknowledges that SLUSA's express preemption clause relates only to "covered class action[s]" and, thus, not the instant case. *Id.* That said, where, as here, a plaintiff seeks to avoid the effect of the PSLRA through a vestigial (and mirror-image) common law fraud claim, this Court can and should dismiss on the separate [1] basis of implied obstacle preemption. *See accord*

---

[1] As argued in FareHarbor's motion to dismiss, plaintiff's common law fraud claim should be dismissed along with its securities fraud claims for failure to plead adequately damages or loss causation under Rule 9(b). (*See* ECF 43-4 at 2, 30-31.) Obstacle preemption also should prevent plaintiff from proceeding on a common law fraud claim based on the same facts as its dismissed 10b-5 claim, but the issue

*Freightliner Corp. v. Myrick*, 514 U.S. 280, 288-89 (1995) (holding that implied preemption can still exist when Congress has chosen to include an express preemption clause in a statute).

Through the PSLRA and SLUSA, Congress adopted strict guidelines for securities fraud claims, in order to deter the filing of frivolous lawsuits and to prevent discovery being used as a vehicle to bolster otherwise non-meritorious claims. *See Gardner v. Major Auto. Cos.*, No. 11-CV-1664 (FB), 2012 U.S. Dist. LEXIS 51821, at *7-9 (E.D.N.Y. Apr. 12, 2012); *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 1016 (C.D. Cal. 2005) (noting that the PSLRA's purpose was to eliminate abusive securities litigation); *Medhekar v. United States Dist. Court for the N. Dist. of California*, 99 F.3d 325, 328 (9th Cir. 1996) ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual

---

has never arisen before the Ninth Circuit (or any court in this state), largely because the same failings that lead to dismissal of Rule 10b-5 claims typically lead to dismissal of their counterpart (mirror image) state law fraud claims under Rule 9(b). *See, e.g.*, *Solow v. Citigroup*, 827 F. Supp. 2d 280, 293 (S.D.N.Y 2011) (noting that "[c]ommon law fraud, like securities fraud, is subject to heightened pleading standards" under Rule 9(b) and dismissing common law fraud claim for failure to establish loss causation); *see also Or. Pub. Emples. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 605 (9th Cir. 2014) (holding that loss causation in a securities fraud action must be pled with particularity under Rule 9(b) partly because securities fraud's loss causation element derives from common law fraud doctrine); *accord Horowitz v. Stewart Title Guar. Co.*, No. 16-00666 LEK-KJM, 2018 U.S. Dist. LEXIS 218101, at *31 (Dist. Haw. May 3, 2018) (calling it a "basic element[] of the tort of fraud" in Hawaii that plaintiff's complaint allege "how defendants' alleged false representations caused Plaintiff['s] damages").

knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed."); *In re Tyco Int'l, Ltd. Secs. Litig.*, No. 00MD1335, 2000 U.S. Dist. LEXIS 11659, at *15 (D.N.H. July 27, 2000) ("[C]ourts have concluded that the PSLRA does not allow plaintiffs to obtain relief from the statutory stay to discover facts necessary to satisfy the Act's heightened pleading requirements.").

This clear Congressional intent is evidenced in the text of the statute itself. *See* 15 U.S.C. § 78u-4(b) (calling for heightened pleading standards); *id.* § 78u-4(b)(3)(B) (imposing an automatic stay of "all discovery and other proceedings" pending a motion to dismiss a securities fraud claim); *id.* § 78u-4(c) (requiring a Rule 11 inquiry and mandating sanctions where violations are found). Plaintiff's effort to assert a common law fraud claim, premised upon the *same* underlying conduct, in connection with the *same* purchase or sale of the *same* covered securities, to avoid application of the PSLRA would present a substantial obstacle to the accomplishment and execution of the full purpose and objectives of the federal securities statutory regime.

The Supreme Court has acknowledged that federal law may preempt a state law whenever it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Int'l Ass'n of Machinists & Aero. Workers v. Wis. Employment Relations Comm'n*, 427 U.S. 132, 151 (1976); *see also Tohono O'odham Nation v. City of Glendale*, 804 F.3d 1292, 1300 (9th Cir. 2015)

3

(finding state statute thwarted the purpose of Gila Bend Indian Reservation Lands Replacement Act regarding land acquisition and so was preempted as a "clear and manifest obstacle" to that federal law's purpose). "Obstacle" preemption "focuses on both the objective of the federal law and the method chosen by Congress to effectuate that objective, taking into account the law's text, application, history, and interpretation." *McDaniel v. Wells Fargo Invs., Ltd. Liab. Co.*, 717 F.3d 668, 674 (9th Cir. 2013). Critically, obstacle preemption applies *even where it is possible to comply strictly with both the federal and state laws*. *See Berezovsky v. Moniz*, 869 F.3d 923, 931 (9th Cir. 2017) (holding that, even if it was possible to comply with both sets of laws, a Nevada superpriority lien law was preempted by the Federal Foreclosure Bar because the state law was still "an obstacle to Congress's clear and manifest goal"). Rather, it is the purpose of Congress that serves as "the ultimate touchstone" for whether the state law is preempted. *McDaniel*, 717 F.3d at 674.

In this case, plaintiff asserts that it should be permitted to proceed to discovery using a less stringent pleading standard for a common law fraud claim based on the *same* underlying conduct *and* covered securities transaction as alleged in its 10b-5 claim and the Hawaiʻi equivalent. (*Compare* ECF 31, Compl. ¶¶ 54-58, 74-78 *with id.* ¶¶ 60-66.) If permitted to proceed in this fashion, plaintiff will have successfully evaded one of the *key* legislative purposes of the PSLRA, *i.e.,* preventing discovery from being used as a tool to bolster non-meritorious claims, without citing any

4

countervailing state interest. Indeed, as this Court itself has noted, "[t]he standards applicable to Plaintiff's § 10(b)/Rule 10b-5 claim also apply to Plaintiff's [equivalent state securities claim]." (ECF 30 at 17.) Thus, to the extent the Hawaiian legislature has expressed *any* intent with respect to the standards to be applied to securities fraud claims, it is consistent with the stringent, federal one. Allowing plaintiff to avoid this legislative intent through a (vestigial) common law claim, would incentivize plaintiffs to bring *only* state common law fraud claims tied to covered securities transactions and then use discovery as a tool, after *seriatim* dismissals, to formulate a sustainable—albeit still non-meritorious—10b-5 claim.[2] Much like the state laws in *Tohono O'odham Nation*, *McDaniel*, and *Berezovsky*, this conduct would create a clear and manifest obstacle to accomplishing the intended goals of Congress in enacting the PSLRA (as evidenced by its text, legislative history, and subsequent interpretation) and, under a theory of obstacle preemption, should be rejected.

---

[2] Indeed, if plaintiff's position was correct and a non-class action plaintiff could pursue a common law fraud claim r*ooted in securities* but entirely avoid PSLRA pleading standards, discovery stays, and an automatic Rule 11 inquiry, there would be no incentive to bring a Rule 10b-5 claim ever.

Date: July 1, 2019                    Respectfully Submitted,

/s/ Terri L. Fujioka-Lilley

Terri L. Fujioka-Lilley
FUJIOKA LILLEY LAW CORPORATION
75-127 Lunapule Rd., Suite 8B
Kailua Kona, HI 96740-2119
Tel.: (808) 345-7662
Fax: (808) 464-6134
terri@fujioka-lilley.com

Michael A. Duffy (admitted *pro hac vice*)
Laura A. Kelly (admitted *pro hac vice*)
BAKER & McKENZIE LLP
300 E. Randolph St., Suite 5000
Chicago, IL 60601
Tel.: (312) 861-8835
Fax: (312) 698-2681
Michael.Duffy@bakermckenzie.com
Laura.Kelly@bakermckenzie.com

*Counsel for FareHarbor Holdings, LLC*