IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RSMCFH, LLC,<br><br>   Plaintiff,<br><br> vs.<br><br>FAREHARBOR HOLDINGS, INC.,<br><br>   Defendant. | CIV. NO. 18-00348 LEK-WRP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER CONFIRMING ITS RIGHT TO CONDUCT DISCOVERY ON ITS BREACH OF CONTRACT CLAIM |

ORDER DENYING PLAINTIFF'S MOTION FOR AN
ORDER CONFIRMING ITS RIGHT TO CONDUCT
DISCOVERY ON ITS BREACH OF CONTRACT CLAIM

Before the Court is Plaintiff's Motion for an Order Confirming Its

Right to Conduct Discovery on Its Breach of Contract Claim, filed on May 13,

2019.  ECF No. 48.  Defendant filed its Opposition on May 30, 2019.  ECF No. 51.

Plaintiff filed its Reply on June 13, 2019.  ECF No.  53.  A hearing was held on

this Motion on June 27, 2019 and the Court DENIES Plaintiff's Motion.

BACKGROUND

In this action, Plaintiff asserts violations of federal and state securities

laws and state common law claims for fraud and breach of contract.  ECF Nos. 1,

31.  Plaintiff alleges that in January 2017, Plaintiff was induced to purchase the

Series B Preferred stock of Defendant, a privately-held company, based on

Defendant's material misrepresentations and concealment of material information relating to its capitalization. ECF No. 31 ¶ 2. Plaintiff alleges that Defendant represented to Plaintiff that, at the time of Plaintiff's investment, Defendant had: (i) conducted a single prior round of financing from outside sources -- a Series A financing round from friends and family; and (ii) apart from the Series A financing, Defendant had not conducted any other financing nor issued any other preferred securities including warrants on preferred shares. Id. Plaintiff alleges that these representations were false. Id.

Plaintiff alleges that in September 2016, Defendant conducted a $2.5 million convertible debt financing with an outside venture capital firm, Costella Kirsch, according to which Defendant issued millions of warrants on Defendant's preferred shares (Preferred Warrants). Id. Plaintiff alleges that the Preferred Warrants entitled Costella Kirsch to receive Series B shares equal to a 3.5% non-dilutable stake in Defendant and a "6x return" on its investment in connection with the acquisition of Defendant for $250 million. Id. In contrast, Plaintiff alleges that its Series B shares were subject to dilution and entitled Plaintiff to only a 2x return on its investment in connection with the same $250 million acquisition. Id.

Plaintiff filed this action on September 14, 2018. ECF No. 1. Defendant filed a Motion to Dismiss on November 16, 2018. ECF No. 20. The Motion to Dismiss was granted in part and denied in part on February 13, 2019.

ECF No. 30. Specifically, the Motion was denied as to Plaintiff's state law breach of contract claim and granted with leave to amend as to Plaintiff's federal and state law securities claims and state law fraud claim. Id. Plaintiff filed its Amended Complaint on March 12, 2019, reasserting its claims for violations of federal and state securities laws and state common law claims for fraud and breach of contract. ECF No. 31.

Defendant filed its second Motion to Dismiss on April 9, 2019. ECF No. 43. In the second Motion to Dismiss, Defendant only asks for the Court to dismiss Plaintiff's federal and state law securities claims and state law fraud claim. Id. Defendant does not seek dismissal of Plaintiff's state law breach of contract claim. Id. A hearing was held on the second Motion to Dismiss on June 14, 2019. ECF No. 56. The court directed the parties to file supplemental briefing, which is due by July 15, 2019, and stated that the Court will reserve ruling on the second Motion to Dismiss until after the supplemental briefing is complete. ECF No. 57. Trial is set for March 2020. ECF No. 38.

## DISCUSSION

In the present Motion, Plaintiff asks the Court to "confirm" its right to conduct discovery on its state law breach of contract claim. ECF No. 48. Plaintiff argues that the automatic discovery stay under the Private Securities Litigation Reform Act (PSLRA) does not prevent discovery on a state law claims like

3

Plaintiff's contract claim.  Id.  Alternatively, Plaintiff argues that even if the PSLRA stay applies to its breach of contract claim, the Court should allow discovery to proceed because Plaintiff will be unduly prejudiced.  Id.  Defendant opposes any discovery and argues that the PSLRA's automatic stay of discovery prevents all discovery in this action until the second Motion to Dismiss is resolved. ECF No. 51.

The PSLRA creates heightened pleading requirements for private securities fraud actions.  Under the heading "[s]tay of discovery," the PSLRA provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u–4(b)(3)(B).

The Ninth Circuit has held that "[t]he common sense reading of the PSLRA's plain language 'all discovery and other proceedings shall be stayed' is that no litigant shall take any steps in pursuit of discovery during the pendency of any motion to dismiss." Petrie v. Elec. Game Card, Inc., 761 F.3d 959, 968 (9th Cir. 2014).  The Ninth Circuit has held that its decisions "make[] clear that no discovery may proceed until the court has sustained the legal sufficiency of a complaint." Id. (citing SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. of

4

Cal., 189 F.3d 909, 912-13 (9th Cir. 1999)).

The purpose of the PSLRA discovery stay is to avoid the "unnecessary imposition of discovery costs on defendants." SG Cowen, 189 F.3d at 911 (citations omitted). "'Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed.'" Id. at 912 (quoting Medhekar v. U.S. Dist. Ct. for N. Dist. of Cal., 99 F.3d 325, 328 (9th Cir. 1996)).

**1. The PSLRA's Discovery Stay Applies to this Entire Action**

Plaintiff argues that the PSLRA's discovery stay only applies to Plaintiff's fraud-related claims and does not apply to Plaintiff's state law breach of contract claim. ECF No. 48. Plaintiff's Amended Complaint contains federal and state securities claims as well as a state law breach of contract claim against Defendant. ECF No. 31. Specifically, Plaintiff alleges that Defendant "breached the representations and warranties in the Subscription Agreement by failing to make available or otherwise disclosing to Plaintiff all information reasonably available to [Defendant], including the Costella Warrants and the Series A-2 Preferred Warrants and their terms, that Plaintiff requested to assist it in deciding whether to invest." ECF No. 31 ¶ 69. Plaintiff alleges the same underlying conduct to support Plaintiff's federal securities claims. Id. ¶¶ 54-56. Specifically,

5

Plaintiff alleges that Plaintiff violated Section 10(b) of the Exchange Act and Rule 10b-5 by, among other things, failing "to disclose to Plaintiff the existence and the terms of the Preferred Warrants." Id. ¶ 55.

Plaintiff argues that the PSLRA's discovery stay does not apply to its breach of contract claim for two reasons. Plaintiff first contends that diversity in his state breach of contract claim provides an "independent basis" for subject matter jurisdiction. Plaintiff then argues that the PSLRA's discovery stay does not apply because Plaintiff's breach of contract claim survived the first Motion to Dismiss and the pending, second Motion to Dismiss does not seek dismissal of the breach of contract claim. The Court rejects both of Plaintiff's arguments.

First, the Court is unpersuaded that the PSLRA's discovery stay does not apply because Plaintiff argues that its breach of contract claim has an independent basis for jurisdiction. The PSLRA stay provision states that it applies "actions," not just claims, "arising under [federal securities laws]." See 15 U.S.C. § 78u–4(b)(3)(B). The broad language of the statute reads that "*all* discovery" is stayed pending "*any* motion to dismiss." Id. (emphasis added). The Ninth Circuit too has emphasized the broad scope of the automatic stay: "*no* litigant shall take *any* steps in pursuit of discovery during the pendency of *any* motion to dismiss." Petrie, 761 F.3d at 968 (emphasis added); see also SG Cowen, 189 F.3d at 912-13 (holding that discovery shall proceed "only after the court has sustained the legal

sufficiency of a complaint").

The Ninth Circuit has rejected the argument that the PSLRA's discovery stay did not apply to pendant state law claims. See SG Cowen, 189 F.3d at 913 n.1 (9th Cir. 1999). In SG Cowen, the Court held that the district court correctly explained that the PSLRA's discovery stay "would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court in conjunction with their federal law claims." Id. The facts underlying Plaintiff's breach of contract claim are the same as those underlying the claims for securities violations. See ECF No. 31. While Plaintiff's state breach of contract claim here is not a pendant claim,[1] the Court finds that the independent jurisdiction of the state claims does not affect the clear legislative intent of the PSLRA's discovery stay.

Plaintiff relies heavily on a district court case from the Southern District of New York, Tobias Holdings, Inc. v. Bank United Corp., 177 F. Supp. 2d 162 (S.D.N.Y. 2001). In that case, the district court denied Defendant's motion for a discovery stay under the PSLRA because the state law claims alleged in the same action did not "mirror" the federal securities law claims. Id. This decision is neither controlling nor persuasive. Other district courts in the Ninth Circuit have

---

[1] The Ninth Circuit has not addressed the precise circumstances of this case, that is, where plaintiff has asserted a state law claim with an independent basis for jurisdiction and that state claim is *not* subject to the pending motion to dismiss.

7

examined the decision in Tobias and have criticized its reasoning.[2]  Accordingly, the PSLRA's discovery stay applies to the Plaintiff's entire action, not just the fraud-related claims.

Second, the Court is unpersuaded that the PSLRA's discovery stay does not apply because Plaintiff's breach of contract claim survived the first Motion to Dismiss and the pending second Motion to Dismiss does not seek dismissal of the breach of contract claim.  Plaintiff's argument contradicts the plain language of the statute that stays "*all* discovery" pending "*any* motion to dismiss." See 15 U.S.C. § 78u–4(b)(3)(B) (emphasis added).  And, again, the Ninth Circuit has held that the automatic stay means that "*no* litigant shall take *any* steps in pursuit of discovery during the pendency of *any* motion to dismiss."  Petrie, 761 F.3d at 968 (emphasis added).  Accordingly, the Court finds that all discovery is stayed pending the resolution of Defendant's pending motion to dismiss.

---

[2] See, e.g., Salameh v. Tarsadia Hotels, No. 09CV2739 DMS (BLM), 2012 WL 12941995, at *4 (S.D. Cal.) (holding that "the approach adopted in [Tobias] and similar cases, where discovery was allowed to proceed in pendent state claims, has been rejected in the Ninth Circuit") (citing SG Cowen, 189 F.3d at 913 n.1); In re Gilead Sciences, No. C 03-4999 MJJ, 2004 WL 3712008, at *2-*4 (N.D. Cal.) (rejecting the reasoning in Tobias in considering whether to stay a state court action under the Securities Litigation Uniform Standards Act of 1998 (SLUSA) because "[t]he [Tobias] court failed to consider how parallel state actions, even those involving non-fraud claims, could result in discovery that would assist the federal plaintiffs in meeting the heightened pleading standard under the PSLRA").

8

### 2. Plaintiff Has Not Shown that it is Entitled to Relief from the PSLRA Discovery Stay

Plaintiff alternatively argues that, even if the PSLRA's discovery stay applies, the Court should allow Plaintiff to proceed with the discovery that it has served. ECF No. 48. The PSLRA's discovery stay provides that the Court may allow discovery only if "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u–4(b)(3)(B). Here, Plaintiff argues that it will be unduly prejudiced if it not allowed to proceed with discovery. ECF No. 48 at 19-20; ECF No. 53 at 16-21. Defendant argues that Plaintiff has failed to show that its discovery requests are particularized and has failed to demonstrate undue prejudice. ECF No. 51 at 23-29.

"[C]ourts often deny a plaintiff's request to lift the PSLRA discovery stay if the discovery request is broad or lacks specificity." M & M Hart Living Tr. v. Glob. Eagle Entm't, Inc., No. CV 17-1479 PA (MRWX), 2017 WL 5642326, at *3 (C.D. Cal.) (citing cases). Here, Plaintiff requests twenty-four categories of documents to include: (i) all documents related to Defendant's efforts to raise funds; (ii) all security agreements; (iii) all board meeting minutes regarding stock issuances; (iv) all communications between Plaintiff and Defendant; (v) all information provided to Plaintiff related to stock offerings; (vi) all disclosures

made to Plaintiff; and, (vii) all agreements and communications between Costella Kirsch and Defendant. See ECF No. 48-4. This discovery is not "particularized" to Plaintiff's breach of contract claim and is the type of discovery that the PSLRA discovery stay is intended to prevent.

Further, Plaintiff has failed to demonstrate that it will be unduly prejudiced if it is not allowed to conduct the requested discovery. The Court has indicated that it will issue its decision on the second Motion to Dismiss after the supplemental briefing is completed. This action has been pending for less than a year. The parties indicated during the hearing that amendments to the pleadings may be filed following the district court's order. Even if the current March 2020 trial date is continued, Plaintiff has not demonstrated that a trial continuance would be unduly prejudicial. See Fosbre v. Las Vegas Sands Corp., No. 2:10-CV-00765-KJD, 2012 WL 5879783, at *4 (D. Nev.) (finding that "the interruption in the discovery process that results from the filing of the Second Amended Complaint and the motion to dismiss in response thereto" was not sufficient to justify lifting the PSLRA stay). The Court finds that Plaintiff has failed to show that discovery is necessary to prevent undue prejudice.

### 3. The Court Declines to Order Immediate Discovery as Requested at the Hearing

At the hearing, Plaintiff's counsel argued for the first time that

Plaintiff is entitled to an order from the Court directing Defendant to produce the requested documents as soon as the district court issues its order on the second Motion to Dismiss. The discovery at issue was served on March 29, 2019. ECF No. 42. Defendant filed the second Motion to Dismiss eleven days later on April 9, 2019. See ECF No. 43. Because this Court finds that the PSLRA's discovery stay applies, Defendant's obligation to respond to the discovery requests has been stayed since April 9, 2019. Accordingly, the time for Defendant to respond to the discovery requests has not expired and there is no basis to compel Defendants to produce documents.

## CONCLUSION

The Court DENIES Plaintiff's Motion for an Order Confirming Its Right to Conduct Discovery on Its Breach of Contract Claim.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JULY 2, 2019



Wes Reber Porter
United States Magistrate Judge

**RSMCFH, LLC vs. FAREHARBOR HOLDINGS, INC.; CIV. NO. 18-00348 LEK-WRP; ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER CONFIRMING ITS RIGHT TO CONDUCT DISCOVERY ON ITS BREACH OF CONTRACT CLAIM**