BRONSTER FUJICHAKU ROBBINS
A Law Corporation
MARGERY S. BRONSTER        4750
REX Y. FUJICHAKU            7198
INIA M. YEVICH             10184
1003 Bishop Street, Suite 2300
Honolulu, HI 96813
Telephone: (808) 524-5644
Facsimile: (808) 599-1881
E-mail:    mbronster@bfrhawaii.com
           rfujichaku@bfrhawaii.com
           iyevich@bfrhawaii.com

MANATT, PHELPS & PHILLIPS, LLP
CHRISTOPHER L. WANGER      CA 164751
(Admitted *Pro Hac Vice*)
ANA GUARDADO               CA 286732
(Admitted *Pro Hac Vice*)
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474
E-mail:    cwanger@manatt.com
           aguardado@manatt.com

Attorneys for Plaintiff
RSMCFH, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RSMCFH, LLC, a Hawaiʻi limited liability company,<br><br>　　　　　Plaintiff,<br><br>　vs. | Case No. 1:18-cv-00348-LEK-WRP<br><br>PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON PREEMPTION; DECLARATION OF CHRISTOPHER L. WANGER; EXHIBIT "A"; CERTIFICATE OF SERVICE |

| | |
|---|---|
| FAREHARBOR HOLDINGS, INC., a Delaware Corporation,<br><br>Defendant. | **Judge: Hon. Leslie E. Kobayashi**<br>**Mag. Judge: Hon. Wes R. Porter**<br>**Trial: March 23, 2020** |

# PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON PREEMPTION

Defendant has filed four briefs in support of two motions seeking to dismiss Plaintiff's common law fraud claim (the "Fraud Claim"). Prior to the June 14, 2019 hearing in this matter, Defendant had never suggested that the claim was subject to dismissal on the grounds that the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78u-4) preempts the claim. And with good reason: the express language of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. § 78a et. seq.), of which the PSLRA is a subsection, confirms that Congress expressly intended that the States retain the right to regulate securities sales, through common law claims and state securities statutes, to prevent fraud. As a result, in the nearly twenty-five year history of the PSLRA, _no_ court (not one) has ever held that the PSLRA preempts a state law fraud claim.[1] There is no preemption of Plaintiff's Fraud Claim.

---

[1] The absence of such cases is attributable to the clarity of the Exchange Act, which, through a savings clause, expressly disavows an intent to preempt state law. Defendant's suggestion that the preemption issue has never arisen because "the same failings that lead to dismissal of 10b-5 claims typically lead to dismissal" of their counterpart state law claims is baseless. (Brief (Doc. # 62) at fn. 1.) Securities fraud defendants are often represented by blue chip firms who raise all available defenses, including legally dispositive ones that do not require a court to wade deep into factual allegations. That Defendant cannot cite a single case in which a defendant successfully raised a PSLRA preemption defense to a state law fraud claim serves to confirm that such a defense does not exist.

Defendant's Supplemental Brief admits that its counsel's oral preemption argument was a mistaken reference to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") (15 U.S.C. § 78bb(f)), a subsection of the Exchange Act that is limited to class actions and has no application here. But rather than simply concede the issue,[2] Defendant has concocted a new preemption argument devoid of applicable legal support and has invited the Court to commit clear reversible error.[3]

The critical question on preemption is whether Congress intended federal regulation to supersede state law. *Louisiana Pub. Service Comm'n v. FCC*, 476 U.S. 355, 369 (1986). Defendant now contends that the Fraud Claim should be preempted by the PSLRA under the doctrine of "obstacle preemption" because the claim purportedly stands as an obstacle to Congress's full objectives. But when Congress legislates in a field traditionally occupied by the states, such as securities regulation, there is a presumption that the state's historic police powers are *not*

---

[2] As the party claiming preemption, Defendant bears the burden of demonstrating preemption. *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 255 (1984).

[3] Defendant's preemption argument is not the only legally erroneous position advanced by its counsel at oral argument to persuade the Court to dismiss the Fraud Claim. Defendant previously argued that if this Court dismissed Plaintiff's 10b-5 claim, it could then dismiss the Fraud Claim by declining to exercise pendent jurisdiction over the claim. (See Transcript of January 7, 2019 hearing at pp. 11-12, attached as Exhibit A.) The Court, however, recognized the flaw in that argument when it concluded that it has diversity jurisdiction. (See Order (Doc. # 30) at p. 14.) As a result, the Fraud Claim is not a pendent claim over which the Court can decline to exercise jurisdiction.

superseded unless that was "the clear and manifest purpose of Congress." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485-486 (1996). The Exchange Act makes it clear that, except as provided in SLUSA,[4] federal law in this area supplements, but does not displace, state regulation and remedies.[5] Specifically, the Exchange Act contains a savings clause (15 U.S.C. § 77p and 15 U.S.C. § 78bb(a)) that evidences congressional intent to provide for concurrent state regulation of securities (15 U.S.C. § 77r). Therefore, no express or field preemption of state law fraud claims exists.[6] Other cases support the conclusion that allowing common fraud claims is entirely consistent with and not an obstacle to the Exchange Act's

---

[4] Although Defendant admits that SLUSA has no application to this non-class action, it should be noted that SLUSA "does not actually pre-empt any state cause of action." *Merrill Lynch v. Dabit*, 547 U.S. 71, 87 (2006). Rather, SLUSA makes some state law claims nonactionable through a class action. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 636 n.1 (2006); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219-1220 (9th Cir. 2009) (SLUSA creates preclusion defense to certain claims rather than preempting state law). Thus, under SLUSA, a plaintiff may enforce, through an individual action like this one, state law causes of action, including a common law fraud claim. *Dabit,* 547 U.S. at 87.

[5] The Supreme Court has said that "Congress plainly contemplated the possibility of dual litigation in state and federal courts relating to securities transactions." *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 383–84 (1996).

[6] *See Lippit v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1042 (9th Cir. 2003); *Sullivan v. First Affiliated Sec., Inc.* 813 F.2d 1368, 1372-1373 (9th Cir. 1987); *Flaxel v. Johnson*, 541 F.Supp.2d 1127, 1144 (S.D. Cal. 2008) (Exchange Act "makes it clear that … federal law in this arena supplements, but does not displace state regulation and remedies"); *Zuri–Invest AG v. Natwest Fin. Inc.*, 177 F.Supp.2d 189, 191 (S.D.N.Y. 2001) (common law fraud claim not preempted); *Roskind v. Morgan Stanley Dean Witter & Co.,* 80 Cal.App.4th 345, 352 (2000) (state law remedies supplement federal securities law remedies).

goal of preventing fraud in securities sales.[7]  In this two-party action, the Fraud

Claim also poses no obstacle to the goals of the PSLRA.[8]  Finally, numerous other

cases have rejected Defendant's new but related argument[9] that the Fraud Claim is

subject to the PSLRA's heightened pleading standards.[10]  It is not.

Defendant's other arguments relating to the Fraud Claim are equally

meritless and do not support preemption.  Plaintiff has more than adequately

---

[7] *See, e.g., North Star Intern. v. Arizona Corp. Com'n*, 720 F.2d 578, 582-583 (9th Cir. 1983) (state review of securities offering does not conflict with Exchange Act); *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 223-230 (3d Cir. 2001) (overlapping state and federal laws imposing different procedural requirements not an obstacle to objectives of Congress set forth in Investment Company Act).

[8] Congress enacted the PSLRA in response to meritless class action stock-drop suits in which plaintiffs propounded burdensome discovery to coerce settlement.  *SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 911 (9th Cir. 1999).

[9] In four prior briefs, Defendant had never contended that the Fraud Claim was subject to the PSLRA's pleading standards.  (See Doc. # 20-4 at pp. 22-24; Doc. # 24; Doc. # 43-4 at pp. 30-31; and Doc # 52.)   Moreover, this Court also has held that Rule 9(b), rather than the PSLRA, governs the Fraud Claim.  (See Order (Doc. # 30) at p. 15.)

[10] *See ESG Capital Partners, L.P. v. Stratos*, 828 F.3d 1023, 1036 (9th Cir. 2016) (pleading standard under Rule 9(b) for state law fraud claims is lower than PSLRA standard); *Flaxel, supra*, 541 F.Supp.2d at 1145; *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 213 (5th Cir. 2009) (common law fraud claims are not subject to PSLRA standard); *Collins v. Winex Investments, LLC*, 2009 WL 861738 at *5-7 (S.D. Cal. Mar. 27, 2009) (applying PSLRA standard to 10b-5 claims and Rule 9(b) to common law fraud claims); *In re Brocade Comm'n Sys., Inc. Derivative Litig.*, 615 F.Supp.2d 1018, 1045-46 (N.D.Cal. 2009) (10b-5 claim "is subject to a more exacting standard" than state law fraud claim).

damages attributable to Defendant's fraud.  Plaintiff does not allege merely that it suffered dilution as a result of Defendant's deliberate misrepresentations about the Company's outstanding Preferred Warrants.  Instead, Plaintiff alleges that Defendant's fraud resulted in the diversion to the undisclosed Preferred Warrant Holder of more than $7 million in acquisition proceeds that should have been distributed pro rata to Plaintiff.[11] (FAC ¶ 43.)  Because Plaintiff has alleged damages proximately caused by Defendant's fraud, dismissal is inappropriate.  *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008); *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753 (9th Cir. 2018).

Defendant has delayed this matter long enough. Plaintiff should be entitled to proceed forthwith on all of its claims.

DATED:  Honolulu, Hawai'i, July 15, 2019.

 */s/ Rex Y. Fujichaku*
 MARGERY S. BRONSTER
 REX Y. FUJICHAKU
 INIA M. YEVICH
 CHRISTOPHER L. WANGER
 ANA GUARDADO
 Attorneys for Plaintiff
 RSMCFH, LLC

---

[11] Plaintiff's damages under the Fraud Claim include benefit of the bargain damages.  *Ellis v. Crocket*, 51 Haw. 45, 53 (1969).  These damages, like the damages under the 10b-5 claim, are in addition to the $10 million owed for Plaintiff's canceled shares.

5